### S.A. MINERACAO DA TRINDADE–SAMITRI, Plaintiff,

v.

### UTAH INTERNATIONAL INC., Utah-Marcona Corporation, Mineracao Marex Ltda., Marcona International S.A., Marcona Inc., and Samarco Mineracao S.A., Defendants.

No. 83 Civ. 2176 (GLG).

United States District Court,
S.D. New York.

Feb. 24, 1984.

Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City (Wayne A. Cross, William I. Sussman, William Dunnegan, New York City, of counsel), for plaintiff.

Reid & Priest, New York City and Pillsbury, Madison & Sutro, San Francisco, Cal. (Gerald Aksen, John M. Nonna, New York City, Allan N. Littman, Charles R. Ragan,

Bruce A. Ericson, John M. Grenfell, San Francisco, Cal., of counsel), for defendants.

## MEMORANDUM AND ORDER

GOETTEL, District Judge.

Plaintiff S.A. Mineracao da Trindade-Samitri ("Samitri") moves this Court for an order, pursuant to 28 U.S.C. § 1292(b) (1976), certifying that this Court's Opinion and Order dated December 27, 1983, 576 F.Supp. 566 (the "Opinion and Order"),[1] granting the defendants' motion to compel arbitration, involves controlling questions of law about which there is substantial ground for difference of opinion and that immediate resolution of those questions may materially advance the ultimate termination of the litigation. Although the defendants oppose Samitri's motion on a number of grounds, the Court is thoroughly persuaded that this is exactly the type of interlocutory decision that should receive immediate appellate review.

While all three of the questions of law highlighted by Samitri in its papers may not require such immediate attention, certainly the initial question—whether Samitri's fraud-based claims relating to the three "1974 Agreements" fall within the scope of the arbitration clauses found in those agreements—should be promptly reviewed.[2] This Court's decision to compel arbitration of these claims before the International Chamber of Commerce in Paris and to stay litigation in this forum for what may be as long as two years is, to quote the words of Judge Friendly, "a procedural determination that [is certain to] importantly affect the conduct of [the] action."[3] *In*

*re Duplan Corp.*, 591 F.2d 139, 148 n. 11 (2d Cir.1978) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 n. 27, 98 S.Ct. 2454, 2461 n. 27, 57 L.Ed.2d 351 (1978)). As such the decision clearly involves "a controlling question of law." *See id.*

In addition, while the Court recognizes the validity of the defendants' point that interlocutory appeals from orders to compel arbitration generally should not be appealable if the strong federal policy in favor of arbitration is to be upheld, it is significant that the fundamental question addressed in the Opinion and Order is whether, as a matter of law, the language of the arbitration clauses of the 1974 Agreements should be construed as being broad enough to encompass a claim of fraud in the inducement of the agreements themselves. It is on this very issue that the Court spent so much time and thought trying to reconcile what it saw as the divergent views of the Supreme Court, *see, e.g., Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, —— U.S. ——, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); *Scherk v. Alberto Culver Co.*, 417 U.S. 506, 508–09 n. 1 & 519 n. 14, 94 S.Ct. 2449, 2451–52 n. 1 & 2457 n. 14, 41 L.Ed.2d 270 and the Second Circuit, *see, e.g., In re Kinoshita & Co.*, 287 F.2d 951, 953 (2d Cir.1961); *see also Michele Amoruso E Figli v. Fisheries Development Corp.*, 499 F.Supp. 1074, 1080 (S.D.N.Y.1980). This is not, as the defendants characterize it, a narrow question of fact that is specific only to this case. Rather it is a question of law that arises repeatedly, albeit rarely in a case of this nature. Drafters of arbitration clauses need to know how language such

---

1. Familiarity with that opinion, and thus with the facts underlying this action, is assumed.

2. As stated in its papers, Samitri seeks appellate review of the following three questions:

    (1) Are Samitri's fraud-based claims relating to the three 1974 agreements within the scope of the arbitration clauses found in those agreements?

    (2) If so, must Samitri's fraud-based claims relating to the post-1974 agreements, none of which agreements contains an arbitration clause, nonetheless be arbitrated because the 1974 agreements' arbitration clauses govern?

    (3) Assuming that Samitri's non-RICO claims were properly held to be arbitrable, was it proper for this Court to stay litigation of Samitri's non-arbitrable RICO claims pending the arbitration of Samitri's other claims? Memorandum in Support of Plaintiff's Motion for Certification under 28 U.S.C. § 1292(b) at 5.

3. Indeed the effect of the Opinion and Order is so significant, practically speaking, that the Court finds itself in great sympathy with Samitri's arguments that the decision should be appealable as of right, pursuant to 28 U.S.C. § 1291.

as that found in the 1974 Agreements is to be interpreted by a court of law, and at present somewhat confusing signals are being sent by the courts.

Finally, as the Court has already implied, an immediate appeal may materially advance the ultimate termination of this litigation. Should, for example, the Court of Appeals determine that this Court was incorrect in its ruling on the arbitrability of the fraud claims, not only will the legal community at large be well served by an early determination of the issue, but also the parties to this litigation will not have wasted two years in arbitrating claims that are later held to be nonarbitrable. On the other hand, if this Court's decision is affirmed, the balance of the arbitration now underway in Paris can be conducted with full confidence that its results will be binding upon the parties.[4]

Accordingly, for the reasons stated above, the Court orders that its Opinion and Order dated December 27, 1983, be amended as of the date of this order to add the following paragraph at the end of the text on page 25 thereof:

"Because this order presents controlling questions of law as to which there is substantial ground for difference of opinion and because an immediate appeal herefrom may materially advance the ultimate termination of the litigation, it is hereby ordered, pursuant to 28 U.S.C. § 1292(b), that this order is certified for interlocutory appeal to the United States Court of Appeals for the Second Circuit."

SO ORDERED.

---

**4.** Samitri has not moved for a stay of the arbitration in Paris, and perhaps wisely so, since the simultaneous arbitration of the substantive issues and appellate review of this Court's ruling in favor of arbitrability will insure the quickest resolution of the overall dispute and thus the least prejudice that might result from the lapse of time.