**Estelle JACABSON and Cynthis Carson, Plaintiffs,**

**v.**

**MERRILL LYNCH PIERCE FENNER & SMITH, INC., and Robert M. Kolaczynski, Defendants.**

**Civ. A. No. 84–1844.**

United States District Court, W.D. Pennsylvania.

Dec. 3, 1984.

John R. McGinley, Jr., Grogan, Graffam, McGinley, Solomon & Lucchino, Pittsburgh, Pa., for plaintiffs.

Marten R. Jenkins, Richard C. Lane, Foster S. Goldman, Jr., Stephen C. Veltri, Pittsburgh, Pa., for defendants.

## MEMORANDUM

MENCER, District Judge.

This action arises out of alleged violations of the Securities Act of 1933, the Securities Exchange Act of 1934, the Racketeer Influenced and Corrupt Organizations Act (RICO) as well as alleged violations of common law. We have federal question jurisdiction pursuant to 28 U.S.C. § 1331 and also pendent jurisdiction over the state law claims.

The Court has before it a Motion by the Plaintiff for Leave to File an Amended Complaint which we grant in the interest of justice and in accord with the liberal pleading rules of federal practice. Also pending are Motions by the defendants Kolaczynski and Merrill Lynch to Dismiss and Strike various counts of the plaintiffs' complaint, to Compel Arbitration, For a More Definite Statement and to Strike a Prayer for Relief. We will grant the plaintiffs' Motion and also consider the defendants' motions at this time.

The plaintiffs, mother and daughter, are joint tenants of an options account held with Merrill Lynch which was opened on or about June 23, 1981. Estelle Jacobson, the mother, was a recent widow at that time and relied heavily on the advice of Robert Kolaczynski, a broker-dealer employed by Merrill Lynch. The plaintiffs' account consisted of securities inherited from Estelle's husband, the late Roger Jacobson. Estelle was dependent upon the interest and earnings of the inherited securities for her support. At the time the joint account was opened, the value of the securities then owned and deposited was $125,000.00. The defendant Kolaczynski allegedly misrepresented to the plaintiffs the risks of engaging in options trading and churned the plaintiffs' account to generate commissions. On or about September 1983, the plaintiffs learned that there was no balance remaining in the account.

Plaintiffs claim that the defendants failed to comply with the rules and regulations of the Securities and Exchange Commission, the New York Stock Exchange, the National Association of Securities Dealers and failed to fulfill their fiduciary obligation to the plaintiffs. Plaintiffs also claim that the defendants violated the Securities Act of 1933, the Securities Exchange Act of 1934, and RICO, and intentionally caused the plaintiffs emotional distress. They are seeking general damages, as well as punitive damages on some counts and treble damages for the counts under RICO.

*Motion to Compel Arbitration*

The defendants move to compel arbitration of the plaintiffs' claims pursuant to the Federal Arbitration Act. When the plaintiffs opened their options account at Merrill Lynch, they signed a Standard Option Agreement and also a Customer Agreement, both of which contained arbitration provisions. The plaintiffs could not, however, sign away their rights under the Securities Act of 1933 and the Securities Exchange Act of 1934. Those Acts contain anti-waiver provisions.[1]

Section 29 of the Securities Exchange Act of 1934, 15 U.S.C. § 78cc(a) provides: "Any condition, stipulation or provision binding any person to waive compliance with any provision of this chapter or of any rule or regulation thereunder, or of any

---

1. § 14 of the Securities Act of 1933, 15 U.S.C. § 77n; § 29 of the Securities Exchange Act of 1934, 15 U.S.C. § 78cc(a).

rule of an exchange required thereby shall be void." This provision is uniformly held to render void agreements to arbitrate future Securities Act and Securities Exchange Act violations. *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953); *see also Ging v. Parker-Hunter, Inc.*, 544 F.Supp. 49 (W.D.Pa.1982). Thus, the plaintiffs cannot be compelled to arbitrate their federal securities claims.

■ This Court will follow the reasoning of the New York court in *S.A. Mineracao Da Trindade-Samitri v. Utah International Inc.*, 576 F.Supp. 566 (S.D.N.Y.1984) in holding the plaintiffs' RICO claims to be non-arbitrable as well. We also decline to sever the issues in this case since the factual issues in all of the plaintiffs' claims appear to be identical.

*Motion to Dismiss and Strike Various Counts*

A. *The stock exchange rules and rules of the national association of securities dealers*

■ The Securities Exchange Act does not expressly authorize private actions for stock exchange rule violations. The plaintiffs, in claiming violations of the New York Stock Exchange Rules, are seeking to imply private rights of action under the relevant congressional statutes. The Supreme Court in *Touche Ross & Co. v. Redington*, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979) enunciated the standard for implying private actions. The Court stated

> "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. University of Chicago*, supra, 441 U.S. [677] at 686 [99 S.Ct. 1946, at 1952, 60 L.Ed.2d 560]. Instead, our task is limited solely to determining whether Congress intended to create the private right of action....

442 U.S. at 568, 99 S.Ct. at 2485.

The Supreme Court's decisions in *Touche Ross* and *Transamerica Mortgage Advis-* *ors, Inc. v. Lewis*, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979), reflect a restrictive approach to implying private rights of action. Prior to *Transamerica* and *Touche Ross*, courts had found a statutory basis for implying private rights of action under §§ 6(b) and 27 of the Securities Exchange Act. *See Buttrey v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 410 F.2d 135 (7th Cir.) *cert. denied* 396 U.S. 838, 90 S.Ct. 98, 24 L.Ed.2d 88 (1969). Both of these sections, however, have since been rejected as a basis for implying a private right of action. *Jablon v. Dean Witter & Co.*, 614 F.2d 677 (9th Cir.1980).

The plaintiffs are also claiming a violation of the rules of the National Association of Securities Dealers (NASD). No provision of the Securities Exchange Act explicitly provides for a private action for violations of stock association rules, however. The argument that the violation of a NASD rule gives rise to a private right of action is grounded primarily on § 15A(b)(6) of the 1934 Act, 15 U.S.C. § 78*o*–3(b)(6), which requires a securities association such as the National Association of Securities Dealers to adopt disciplinary rules. However, § 15A(b)(6) "neither confers rights on private parties nor proscribes any conduct as unlawful," *Touche Ross v. Redington*, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979), and cannot indicate a legislative intent to create a private cause of action. *Emmons v. Merrill Lynch, Pierce, Fenner & Smith*, 532 F.Supp. 480 (S.D.Ohio 1982). The plaintiffs in this case are therefore barred from bringing a private action against the defendant under the New York Stock Exchange or NASD rules, so such count should be dismissed.

B. *Intentional infliction of emotional distress*

■ The standard which is followed in Pennsylvania for the tort of intentional infliction of emotional distress is set forth in the Restatement (Second) of Torts: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress...."

Restatement (Second) of Torts, § 46(1) at 71 (1965). Pennsylvania courts and federal courts applying Pennsylvania law have consistently refused to extend this tort to anything other than the most extreme and outrageous conduct. *Price v. Blyth Eastman Paine Webber, Inc.*, 576 F.Supp. 431 (W.D.Pa.1983). We find that the conduct alleged by plaintiffs in their Complaint, even if fully proven, is not sufficiently "extreme and outrageous" as to permit recovery for intentional infliction of emotional distress.

### C. *Defendants' remaining motions*

The two remaining motions by the defendants to Dismiss the claims under RICO for failure to state a claim and for a more definite statement are denied at this time. The defendants are free however, to reassert these motions after the plaintiffs' amended complaint has been filed.

### *Motion to Strike Prayer For Relief*

The Securities Act of 1933 and the Securities Exchange Act of 1934 do not permit recovery of punitive damages. 15 U.S.C. §§ 77*l*, 78bb(a); *Ging v. Parker-Hunter Inc.*, 544 F.Supp. 49 (W.D.Pa.1982). Therefore, that portion of the plaintiffs' prayer for relief must be stricken.

An appropriate order will issue.