Ellen D. WITT, Plaintiff,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., a corporation, and Marc L. Gold, an individual, Defendants.

Civ. A. No. 84–1175.

United States District Court
W.D. Pennsylvania.

Feb. 6, 1985.

**868**

Richard Finberg, Pittsburgh, Pa., for plaintiff.

Richard Lane, Pittsburgh, Pa., for defendants.

## MEMORANDUM

McCUNE, District Judge.

Plaintiff, Ellen D. Witt, brings this action against defendants, Merrill Lynch, Pierce, Fenner & Smith, Inc. (hereinafter Merrill Lynch), and Marc L. Gold (hereinafter Gold). Witt, a Pittsburgh resident, opened a cash management account in March, 1982, and an options account in April, 1982, with Merrill Lynch at its Bethesda, Maryland office. Gold was plaintiff's account executive. Three months later the Bethesda office was closed and Witt's accounts were transferred by Merrill Lynch to its Washington, D.C. office. Gold remained the account executive.

Witt invested $45,000.00 with defendants, which is alleged to be money from a $50,000.00 inheritance. Plaintiff alleges that from August, 1982, to February, 1984, her account was reduced to $13,500.00 as a result of defendants' churning and improper choice of investments.

On October 15, 1984, plaintiff filed an amended complaint, adding three counts. Defendants have filed numerous motions relevant to plaintiff's original complaint, which we will address *seriatim*.

*Motion to Dismiss*

■ Count 4 of plaintiff's original complaint alleges a manipulative and deceptive scheme by defendants in violation of Title IX of the Organized Crime Control Act, Racketeer Influenced and Corrupt Organizations (RICO), 18 U.S.C. § 1961 *et seq.* (1983). By letter dated January 11, 1985, counsel for plaintiff concedes that Count 4 must be dismissed as to Defendant Merrill Lynch based upon the recent case, *B.F. Hirsch v. Enright Refining Company, Inc.,* 751 F.2d 628 (3d Cir.1984). In that case, the court held that under 18 U.S.C. § 1962(c), the predicate for Count 4 herein, the "person" subject to liability cannot be the same entity as the "enterprise." Since Witt alleged that Merrill Lynch is an enterprise, Count 4 must be dismissed against it on the basis of *Hirsch*.

■ Defendant Gold argues that Count 4 must be dismissed against him for a variety of reasons. The only argument of merit is the claim that RICO is inapplicable because Gold has not been convicted of the predicate criminal acts. A recent case in the Second Circuit Court of Appeals so holds. *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 741 F.2d 482 (2d Cir.1984). *See also Bankers Trust Co. v. Rhoades,* 741 F.2d 511 (2d Cir.1984) and *Furman v. Cirrito,* 741 F.2d 524 (2d Cir.1984) filed the same day.

In October, 1984, the contrary view was expressed in *Haroco v. American National Bank & Trust Co. of Chicago,* 747 F.2d 384 (7th Cir.1984), by the Seventh Circuit Court of Appeals. The *Haroco* court rejected *Sedima* and concluded that a civil RICO plaintiff need not allege an injury to business or property resulting from the underlying acts of racketeering. The Supreme Court granted certiorari in both *Sedima* and *Haroco* on January 15, 1985, and has scheduled them for argument together. —— U.S. ——, 105 S.Ct. 901, 83 L.Ed.2d 917; —— U.S. ——, 105 S.Ct. 902, 83 L.Ed.2d 917.

The Court of Appeals for the Third Circuit has not ruled on this issue, and there is

a split among the decisions of the district courts. *Compare Gilbert v. Prudential-Bache Securities, Inc.,* No. 83–1513 (E.D.Pa. January 10, 1984) *with In re Catanella and E.F. Hutton and Co.,* 583 F.Supp. 1388 (E.D.Pa.1984). In light of our court of appeals' direction that courts adopt a liberal approach to RICO pleadings at the motion to dismiss stage, *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786 (3d Cir. 1984), we will deny the motion to dismiss Count 4 as to defendant Gold. *The Workbench of New York City v. Willow Grove Associates,* No. 84–3861 (E.D.Pa. January 15, 1985).

■ Defendants also move to dismiss Counts 8 and 9 of the original complaint. Count 8 alleges a violation of Rules 405 and 435 of The New York Stock Exchange, and Count 9 asserts a violation of Art. III § 2 of the National Association of Securities Dealers (NASD) Rules of Fair Practice. We agree with the court in *Jacobson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 605 F.Supp. 510 (W.D.Pa.1984), and adopt its reasoning therein, that there is no private right of action against defendants, either express or implied, under the New York Stock Exchange and NASD Rules. Therefore, we will grant the motion to dismiss Counts 8 and 9.

### Motion for Change of Venue

■ Defendant Gold argues that venue is improper for Counts 5–9. He asserts that the appropriate statutory section to determine proper venue is 28 U.S.C. § 1391(b), not § 1391(a) which relates to jurisdiction based solely on diversity of citizenship. Section 1391(b) provides,

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside or in which the claim arose, except as otherwise provided by law.

The significance of this section is that it eliminates the alternative of venue where all of the plaintiffs reside, found in § 1391(a).

We find, based upon the facts alleged, that the claim arose in this district. However, even if that determination is in error, the final phrase of § 1391(b) must not be disregarded. "[E]xcept as otherwise provided by law" ensures that proper venue established under other statutory authority will be proper also for other related violations alleged. Since venue is proper under SEA and RICO (indeed defendants do not attempt to challenge venue under SEA), venue is also proper for the remaining claims. *In re Penn Central Securities Litigation,* 338 F.Supp. 438 (E.D.Pa.1972).

■ We are not inclined to grant a discretionary change of venue. Defendant Gold acknowledged in his affidavit that he transacted business in Pennsylvania by telephone and by the mails to customers of Merrill Lynch. Affidavit ¶ 6. Further, defendants have not supported their claim of hardship or inconvenience as required by *Plumtree, Inc. v. Stockment,* 488 F.2d 754 (3d Cir.1973). Therefore, the motion for a change of venue will be denied.

### Motion for More Definite Statement

■ Defendant Merrill Lynch asserts that plaintiff has not filed a pleading with the requisite clarity and particularity required in Fed.R.Civ.P. 9(b). We note that defendant Gold has not joined in this motion. We agree with plaintiff that the questions raised by this motion are matters for discovery, not pleading. The complaint complies with Fed.R.Civ.P. 9(b) in that it contains sufficient detail to apprise defendants of the claims against them, and allows them to formulate a meaningful response. *In re Catanella and E.F. Hutton and Co., supra.* Thus, the motion for a more definite statement will be denied.

### Motion to Compel Arbitration

■ When Witt opened her cash management account in March, 1982, and the options account in April, 1982, the customer agreements contained provisions that

provide for arbitration of the parties' claims, should a controversy arise.

Defendants acknowledge in their brief, as they must, that the claims under the SEA and RICO are not arbitrable. *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953); *S.A. Mineracao Da Tri-nadade-Samitri v. Utah International, Inc.*, 576 F.Supp. 566 (S.D.N.Y.1983), *as amended*, 579 F.Supp. 1049 (S.D.N.Y.1984). Since the common law claims are factually identical to the securities law and RICO claims, the issue becomes whether the arbitrable claims may be severed.

The Ninth, Eleventh and Fifth Circuit Courts of Appeals have refused to sever and order arbitration "when the facts supporting all of the claims are intertwined." *Byrd v. Dean Witter Reynolds*, 726 F.2d 552, 554 (9th Cir.1984), *cert. granted*, — U.S. ——, 104 S.Ct. 3509, 82 L.Ed.2d 818. *See also Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023 (11th Cir. 1982); *Miley v. Oppenheimer & Co.*, 637 F.2d 318 (5th Cir.1981). The Sixth, Seventh and Eighth Circuit Courts of Appeals have rejected the intertwining doctrine. *Sur-*

*man v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 733 F.2d 59 (8th Cir.1984); *Liskey v. Oppenheimer & Co.*, 717 F.2d 314 (6th Cir.1983); *Dickinson v. Heinold Securities, Inc.*, 661 F.2d 638 (7th Cir. 1981). The Court of Appeals for the Third Circuit has not addressed this issue.

We believe that severance is "impractical if not impossible" in this case. *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, *supra*, at 1026. Until the Supreme Court resolves the conflict among the courts of appeals, as it soon will since *Byrd* is pending before it, we are inclined to agree with *Byrd* and *Belke*. Because the factual issues in all of plaintiff's claims appear to be identical, we decline to sever the common law claims and refer them to arbitration. Thus, the motion to compel arbitration will be denied.