Larry J. WEST and Marlis K. West,
husband and wife, Plaintiffs,

v.

DREXEL BURNHAM LAMBERT, INC.,
a Washington corporation, et al.,
Defendants.

No. C85–582M.

United States District Court,
W.D. Washington.

Aug. 15, 1985.

Steve W. Berman, W. Keith Fendrick, Shidler, McBroom & Gates, Seattle, Wash., for plaintiffs.

Jeffrey B. Van Duzer, Davis Wright Todd Riese & Joens, Seattle, Wash., for defendants.

McGOVERN, Chief Judge.

Plaintiff Larry West sues Defendants Drexel Burnham Lambert, Inc., a brokerage house, and Dominick Viscardi, an account executive, for churning his accounts and inappropriate investments. The accounts are governed by two agreements between Plaintiff and Defendant which provide for arbitration of all disputes. Therefore, Defendant Drexel moves, pursuant to the Federal Arbitration Act, 9 U.S.C. § 2 (1982), to stay this action and to compel arbitration.

In response to the motion to compel arbitration, Plaintiff first notes that the arbitration agreement provides that it does not constitute a waiver of any rights Plaintiff "may have under any Federal Securities laws." The agreement also states that "certain...federal courts have held that" claims under the 1933 Securities Act and 1934 Securities Exchange Act are not arbitrable even in the presence of an otherwise valid arbitration clause. Plaintiff, therefore, contends that he was told any claim he may have under the 1934 Act was not arbitrable.

The agreement, however, merely advises Plaintiff of the then state of the law and his rights. It does not purport to do anything but state that the arbitration agreement is governed by federal securities law. Therefore, the quoted portions of the arbitration clause are irrelevant and this Court must look to and be bound by the federal securities laws regarding whether or not Plaintiff's claims are arbitrable pursuant to his agreement with Defendant.

Plaintiff next contends that his sections 10(b) and 20 claims under the 1934 Securities and Exchange Act, 15 U.S.C. §§ 78j(b) and 78t (1982), his Rule 10b–5 claim, 17 C.F.R. § 240.10b–5 (1985), his claims under The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–64 (1982) and his pendent state law claims under the Washington State Securities Act, R.C.W. §§ 21.10.010, *et seq.* (1984) are not subject to arbitration and therefore Defendant's motion should be denied.

### 1. 1934 Exchange Act and Rule 10(b)–5.

Plaintiffs' authority for disregarding a straight forward arbitration agreement regarding these claims arises from *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). In *Wilko,* Plaintiff sued under § 12(2) of the 1933 Act (not the 1934 Act). The Supreme Court held the claim to be nonarbitrable because § 14 of the 1933 Act declares void any contractual "stipulation" requiring a security purchaser to waive compliance with any "provision" of the 1933 Act. 15 U.S.C. § 77n. The Court held that the arbitration clause required Plaintiff to waive his right to a judicial determination of his claim "in any court of competent jurisdiction." 15 U.S.C. § 77v. Moreover, the 1933 Act specifically granted a defrauded purchaser a "special right" of action broader than any common law claim. The Court found this express statement of Congressional policy to outweigh the competing policy of the Arbitration Act.

While *Wilko* is still good law as to claims arising under the 1933 Act, the Supreme Court has expressed doubt that its reasoning can be transferred to claims arising under the 1934 Act. In *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 513–14, 94 S.Ct. 2449, 2454–55, 41 L.Ed.2d 270 (1974), the Court noted that the 1933 Act expressly grants an individual a "special right" of action. In light of this Congressionally created special right, the *Wilko* Court found it easier to ignore the important policy in the Arbitration Act favoring arbitration agreements. The 1934 Act, however, has no such statement of Congressional intent. The courts have read into the 1934 Act its private right of action. Thus, the command of the Arbitration Act should prevail.

Moreover, the *Scherk* Court noted that the 1933 Act expressly allows Plaintiff to bring an action "in an court of competent jurisdiction—federal or state—and removal from a state court is prohibited." 15 U.S.C. § 77v. The *Wilko* Court found this broad grant of jurisdiction to be a significant "provision" under § 77n which no "stipulation" could waive. The *Scherk* Court distinguished the 1934 Act noting that it merely provided for suit in the federal district courts that have "exclusive jurisdiction." Plaintiffs under the 1934 Act already have their choice of forum strictly limited. Therefore, this is not the type of significant "provision" which no "stipulation" may waive.

More recently, in *Dean Witter Reynolds, Inc. v. Byrd,* —— U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), the Court enforced an arbitration clause as to pendent state security claims (the parties had not sought arbitration of the 1934 Act claims). The Court noted in dicta the problems with trying to apply *Wilko* to 1934 Act claims. 105 S.Ct. at 1240 and n. 1. In his concurring opinion, Justice White again expressed doubt that the reasoning of the *Wilko* decision could be transferred to 1934 Act claims. *Id.,* 105 S.Ct. at 1244. It is plain that all of the signs from the Supreme Court indicate that 1934 Act claims are arbitrable.

The Ninth Circuit has not held to the contrary, as Plaintiff suggests. In *DeLancie v. Birr, Wilson & Co.*, 648 F.2d 1255 (9th Cir.1981), plaintiff sued for securities violations. Defendant moved to compel arbitration because a Pacific Stock Exchange rule required arbitration of all disputes. The court held the rule inapplicable because Plaintiff's claims arose before he joined the exchange and became subject to its rules. In the present case, Plaintiff's claims arose after he entered into the arbitration agreement.

In *Byrd v. Dean Witter Reynolds, Inc.*, 726 F.2d 552 (9th Cir.1984), *rev'd*, —— U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), the court's statement that § 10(b) claims are not arbitrable is merely dicta. As the Supreme Court noted on appeal, Dean Witter did not seek to compel arbitration of the 1934 Act claims. Therefore, the issue was not properly before the Ninth Circuit. 105 S.Ct. at 1240 and n. 1.

 In light of the above, Defendant's motion to remand the 1934 Act and Rule 10b–5 claims to arbitration is GRANTED.

### 2. RICO

Plaintiff also contends that his RICO claims are not arbitrable. Whether RICO claims are arbitrable is a new question covered in relatively few reported decisions. The leading case, *S.A. Mineracao da Trindade-Samitri v. Utah Internat'l, Inc.*, 576 F.Supp. 566 (S.D.N.Y.1983), *amended*, 579 F.Supp. 1049, *aff'd*, 745 F.2d 190 (2d Cir.1984), held that RICO claims are not arbitrable. The court reasoned that, like antitrust laws, RICO enforcement not only affects the individuals involved, but it also impacts important societal policies. The most important policy underlying RICO being the eradication of organized crime. 576 F.Supp. at 575. Because of this strong public interest, Congress is assumed to have intended that such important issues not be decided by arbitrators. 576 F.Supp. at 574–76. In affirming, the Second Circuit did not discuss the issue and merely assumed that the RICO claims were not arbitrable. 745 F.2d at 196.

Four other lower courts have likewise found that RICO claims are not arbitrable. *Witt v. Merrill Lynch, Inc.*, 602 F.Supp. 867, 870 (W.D.Pa.1985); *Jacobson v. Merrill Lynch, Inc.*, 605 F.Supp. 510, 512 (W.D.Pa.1984); *Universal Marine Ins. Co. v. Beacon Ins. Co.*, 588 F.Supp. 735, 738 (W.D.N.C.1984); *Wilcox v. Ho-Wing Sit*, 586 F.Supp. 561, 567 (N.D.Cal.1984). In *Wilcox*, the court, in addition to noting the public interest argument upon which the *Mineracao* court relied, held that RICO law was "sufficiently embryonic that its development [is] better left to courts than to arbitrators." 586 F.Supp. at 567. Finally, the court held that because RICO claims are often predicated on violations of the securities laws, the fact that federal securities violations are not arbitrable militates against compelled arbitration in RICO cases.

At least one district court has held that RICO claims are arbitrable. In *Finn v. Davis*, 610 F.Supp. 1079 (S.D.Fla.1985), the court first noted the strong federal policy in favor of arbitration. *Id.* at 1082. The court then held that the RICO claims could easily fit within the broadly worded arbitration clause at issue in that case. Since the parties agreed to arbitrate such claims, the court enforced the agreement.

 The decision of whether RICO claims are arbitrable basically comes down to balancing two conflicting federal policies; the enforcement of arbitration agreements and the eradication of organized crime. This Court holds that the policy in favor of arbitration should prevail for two reasons. First, after *Byrd*, it is clear that 1934 Act claims are indeed arbitrable. Therefore, the reasoning of *Wilcox* is now the converse; since the predicate acts upon which a *RICO* claim is based are now arbitrable, there is no reason why RICO claims should not also be arbitrable.

Second, the important societal policy of eradicating organized crime that RICO was designed to promote, and upon which *Mineracao* and the others rely, is completely irrelevant to this case and the vast majority

of other RICO cases. The Supreme Court recently enunciated what has been all too obvious during the recent explosion of civil RICO cases; "in its private civil version, RICO is evolving into something quite different from the original conception of its enactors." *Sedima, S.P.R.L. v. Imrex Co.,* — U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). The Supreme Court recognized that "private civil actions under the statute are being brought almost solely against [respected and legitimate enterprises], rather than the archetypal, intimidating mobster." *Id.* While it is true that "legitimate" businesses are not inherently incapable of performing those acts RICO defines as "racketeering activity," neither are they organized criminals of the type Congress designed RICO to stop. Because of the breadth of RICO's language, it has essentially become a federal business tort statute. The *Sedima* Court held that only Congress, not the courts, can change the statute and make it comport with its original purpose. But until Congress does so, if it does, there is no reason to pay lip service to a policy that justifies only a tiny minority of RICO cases. Therefore, since this RICO claim touches upon no great societal or public interest, the policy of enforcing arbitration agreements should prevail. Plaintiff's RICO claim shall be remanded for arbitration.

### 3. State Claims

 Plaintiff also opposes arbitration contending that his state securities claims are not arbitrable. The Washington State Securities Act, RCW § 21.20.010, *et seq.* (1984), however, is to be construed consistently with the similar Federal Acts. *Burgess v. Premier Corp.,* 727 F.2d 826, 832 (9th Cir.1984); *Kittilson v. Ford,* 93 Wash.2d 223, 608 P.2d 264 (1980); R.C.W. § 21.20.900 (1984). Since 1934 Act claims are arbitrable, so are Plaintiff's state claims.

Moreover, the Washington Supreme Court recently held that the Supremacy Clause combined with the Arbitration Act require that arbitration clauses be enforced with respect to state securities claims. *Garmo v. Dean, Witter, Reynolds, Inc.,* 101 Wash.2d 585, 590, 681 P.2d 253 (1984).

Therefore, it is hereby ORDERED:

(1) Plaintiff's claims are remanded to arbitration and this case is dismissed; and

(2) The Clerk of the Court shall direct uncertified copies of this Order to counsel of record.