Nicholas E. Chimicles, Greenvield & Chimicles, Haverford, Pa., Glenn A. Delk, Asbill, Porter, Churchill & Nellis, Atlanta, Ga., for plaintiff.

Paul Stivers and David P. King, Rogers & Hardin, Atlanta, Ga., Thomas Kumin, Cahill, Gordon & Reindel, New York City, for defendants.

**Willie D. CHANDLER, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**DREXEL BURNHAM LAMBERT, INC., et al., Defendants.**

**Civ. A. No. C 85–1585 A.**

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 28, 1985.

## ORDER

VINING, District Judge.

In this action for violation of the federal securities laws and for state law fraud, deceit, and negligent misrepresentation, the defendant has filed a motion for reconsideration.

On February 14, 1985, the plaintiff filed a class action complaint against the defendant for violations of the Securities Act of 1933, section 10 of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, and state common law, arising out of the defendant's sale of limited partnerships.

On September 11, 1985, this court entered an order granting the defendant's motion to compel arbitration of the state law claims and dismissing the Securities

Act claims. The court denied the defendant's motion to compel arbitration of the Exchange Act claims.

The defendant has asked the court to reconsider its decision not to compel arbitration of the Exchange Act claims. The defendant files this motion making two arguments not previously briefed. First, the defendant argues that this court should follow the reasoning in *West v. Drexel Burnham Lambert, Inc.*, 623 F.Supp. 26 (W.D.Wash.1985), in which the court held that an arbitration clause that was similar, if not identical to, the arbitration clause that is before this court required the parties to arbitrate the plaintiff's section 10(b) and Rule 10b–5 claims. Second, the defendant contends that under the recent decision of *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, —— U.S. ——, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985), the language of an arbitration clause must be construed in favor of arbitration.

The first issue before the court is whether claims arising under the Exchange Act, and in particular under section 10 and Rule 10b–5, are subject to arbitration. The Federal Arbitration Act provides that a written agreement to arbitrate controversies arising out of a contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Despite the clear language of the Arbitration Act, however, it had long been assumed that claims arising under the Exchange Act are not subject to arbitration. *See Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). In *Wilko*, the Supreme Court held that an agreement to arbitrate claims arising under the Securities Act was not enforceable. *Id.* at 434–35, 74 S.Ct. at 186–87. Even though *Wilko* dealt with an express cause of action created by the Securities Act and with a provision of that Act which, in the Court's view, explicitly prohibited clauses requiring arbitration of that express cause of action, the federal appellate courts have extended the doctrine to the implied cause of action under section 10(b) of the Exchange Act. *See, e.g., Belke v. Merrill Lynch, Pierce,*

*Fenner & Smith*, 693 F.2d 1023 (11th Cir. 1982); *Sibley v. Tandy Corp.*, 543 F.2d 540 (5th Cir.1976), *cert. denied*, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977). Until recently, lower federal courts generally had assumed that claims arising under the Exchange Act were controlled by *Wilko* and were not subject to arbitration. The Supreme Court, however, never has addressed this issue.

In *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), the Court alluded to the applicability of *Wilko* to section 10(b) and Rule 10b–5 claims but specifically declined to address the question. *See Byrd*, 470 U.S. at —— n. 1, 105 S.Ct. at 1240 n. 1; *see also Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 513–14, 94 S.Ct. 2449, 2454–45, 41 L.Ed.2d 270 (1974).

In *Scherk* the Court highlighted two distinctions between the Securities Act and the Exchange Act. First, while section 12(2) of the Securities Act provides a defrauded purchaser with a "special right" of a private remedy for civil liability, the Exchange Act has no counterpart to section 12(2). Federal case law has established that section 10(b) and Rule 10b–5 create an implied private cause of action; the Exchange Act itself does not speak of the "special right" of a private remedy that the *Wilko* Court found significant in the Securities Act. Second, the jurisdictional provision of the Securities Act, 15 U.S.C. § 77v, allows a plaintiff to bring suit in any federal or state court of competent jurisdiction, and removal is prohibited. By contrast, the Exchange Act allows suits only in the federal courts. 15 U.S.C. § 78aa. *See Scherk*, 417 U.S. at 513–14, 94 S.Ct. at 2454–55; *see also Byrd*, 470 U.S. ——, 105 S.Ct. at 1244 (White, J., concurring).

Justice White, in his concurring opinion in *Byrd*, reiterated the distinctions set forth in *Scherk* between the Securities Act and the Exchange Act and concluded that whether *Wilko* applied to Exchange Act claims was "a matter of substantial doubt." 470 U.S. at ——, 105 S.Ct. at 1244. The

question, according to Justice White, remains open. *Id.*

■ While neither the Supreme Court nor the Eleventh Circuit has considered the applicability of *Wilko* to section 10(b) and Rule 10b–5 claims since *Byrd,* several decisions from this district have ruled that Exchange Act claims are not within the doctrine of *Wilko* and, therefore, are subject to arbitration. In *Raiford v. Merrill Lynch, Pierce, Fenner & Smith,* [Current] Fed.Sec.L.Rep. (CCH) ¶ 92,269 (N.D.Ga. 1985) (Vining, J.), this court specifically refused to extend *Wilko* to claims arising under the 1934 Act. In *Hashemi v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* C82–2948A (N.D.Ga. Aug. 6, 1985) (Forrester, J.), the court held that "[i]n light of the Supreme Court's aggressive interpretation of the Arbitration Act in recent years, ... and in light of the court's decision in *Byrd,* this court concludes that the Supreme Court would hold that claims arising under the [Exchange] Act of 1934 are not within the doctrine of *Wilko v. Swan* and are therefore subject to arbitration." *Id.,* slip op. at —— (footnote and citations omitted); *see also Ross v. Mathis,* 624 F.Supp. 110 (N.D. Ga.1985) (O'Kelley, J.). This court, therefore, concludes that section 10(b) and Rule 10b–5 claims are subject to arbitration.

The second issue before the court is whether the language of the arbitration clause excludes the plaintiff's Exchange Act claims from the scope of arbitration. That clause provides in part:

Any controversy arising out of this Agreement or my Securities Account or relating to this contract or the breach thereof, shall be settled by arbitration, in accordance with the rules, then obtaining, of the American Arbitration Association, the New York Stock Exchange, Inc., the American Stock Exchange, Inc., or the National Association of Securities Dealers, Inc., as I may elect.... Certain decisions by the federal courts have held that if a dispute involves a claim arising under the Securities Act of 1933 or the Securities Exchange Act of 1934, such arbitration clauses are void and unenforceable as applied to such claims and accordingly customers cannot be compelled to arbitrate such a claim. In other contexts, courts generally enforce arbitration clauses in customers' agreements. Therefore, nothing in this paragraph shall in any way constitute a waiver or limitation of any rights which I may have under any Federal Securities laws.

■ For the reasons set forth below, the court holds that under the language of this clause, the plaintiff must arbitrate his Exchange Act claims.

First, in *West v. Drexel Burnham Lambert, Inc.,* 623 F.Supp. 26 (W.D.Wash.1985), the court, construing what appears to be the same arbitration clause, concluded that it was a notice provision, not a reservation of the plaintiff's right. The court stated: "The Agreement ... merely advises Plaintiff of the then state of the law and his rights. It does not purport to do anything but state that the arbitration agreement is governed by federal securities law." *Id.,* slip op. at 27. This reading gives effect to the entire clause, not only the last sentence. Any controversy arising out of the agreement between the parties is subject to arbitration, except claims under the Securities Act. *See Wilko v. Swan,* 346 U.S. 427, 434–35, 74 S.Ct. 182, 186–87, 98 L.Ed. 168 (1953). If this court held that the plaintiff had the right to adjudicate *all* his claims in court, the arbitration clause would be meaningless.

Second, *West* is at odds with this court's initial holding that the plaintiff does not have to arbitrate his Exchange Act claims. Upon review of *West* and further consideration of the arbitration clause, this court concludes that the clause is, at best, ambiguous. Usually an ambiguity in language is construed against the drafter of the document. *See* O.C.G.A. § 13–2–2(5). The Supreme Court, however, has ruled that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460

U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

Third, the words "may have" in the last sentence of the clause indicate that the plaintiff's rights under the federal securities laws are uncertain. This language is consistent with the previous two sentences of the clause. While the plaintiff has the right to a judicial forum for his Securities Act claims, in this district he must arbitrate his Exchange Act claims. To allow the plaintiff to adjudicate all federal securities claims would render the arbitration clause meaningless.

Fourth, in *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, —— U.S. ——, ——, 105 S.Ct. 3346, 3355, 87 L.Ed.2d 444 (1985), the Supreme Court stated:

> We must assume that if Congress intended the substantive protection afforded by a given statute to include protection against waiver of the right to a judicial forum, that intention will be deducible from text or legislative history. See *Wilko v. Swan, supra.* Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue.

This court is unaware of any statement in the legislative history of the Exchange Act indicating that Congress intended to preclude the waiver of judicial remedies.

Last, the Supreme Court repeatedly has stressed the importance of the Federal Arbitration Act and the favor with which Congress and the Court view arbitration. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, —— U.S. ——, ——, 105 S.Ct. 3346, 3355, 87 L.Ed.2d 444 ("[C]ongressional policy manifested in the federal Arbitration Act ... requires courts liberally to construe the scope of arbitration agreements covered by that Act. ...");  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, ——, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985) ("By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983) ("The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, ...");  *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 404, 87 S.Ct. 1801, 1806, 18 L.Ed.2d 1270 (1967) (It is "the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts."); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 584–85, 80 S.Ct. 1347, 1354, 4 L.Ed.2d 1409 (1960) (Absent "any express provision excluding a particular grievance from arbitration ... only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail, ...").

For these reasons, the defendant's motion to reconsider is GRANTED. The court holds that the plaintiff must arbitrate his section 10 and Rule 10b–5 claims under the Exchange Act.

The parties will be given 20 days from the filing of this order to address the question of whether this order moots the class certification issue in this case.