Reza Amir KALALI, et al., Plaintiffs,

v.

**PRUDENTIAL–BACHE SECURITIES, INC. and Charles Zandford, Defendants.**

Civ. A. No. 85–3237.

United States District Court, District of Columbia.

June 30, 1986.

Richard A. Frank of Wald, Harkrader & Ross, Washington, D.C., for plaintiffs Reza Amir Kalali and Parviz Gohari.

Frederick D. Greco, McLean, Va., for defendant Prudential-Bache Securities.

John L. Seibel, Bernstein & Seibel, Bethesda, Md., for defendant Charles Zandford.

## INTRODUCTION

CHARLES R. RICHEY, District Judge.

The Court has before it the defendant Prudential-Bache's Motion for Reconsideration of the Court's ruling from the bench on April 18, 1986, denying the defendant's Petition for Arbitration and Motion for Stay of Proceedings.

Plaintiffs in the above-entitled cause are two Iranian citizens who do not read or write English and, according to the Complaint, had never traded securities prior to leaving Iran approximately five years ago. They have filed a ten count Complaint asserting claims under the Securities Exchange Act of 1933, 15 U.S.C. §§ 77*l* & 77q, the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), and the Maryland Securities Act, Md. Corps. & Ass'ns Code Ann. § 11–101 *et seq.* (Replacement volume 1985), as well as state common law claims for fraud and misrepresentation, breach of fiduciary duty, negligence, and breach of contract. The gravamen of plaintiffs' claim is that defendant Zandford, a registered stockbroker employed by Prudential-Bache, invested plaintiffs' funds in highly speculative securities, contrary to plaintiffs' directions and Zandford's representations. As a result of Zandford's actions, plaintiffs lost nearly all of their principal.

Defendant, Prudential-Bache, filed its Petition for Arbitration and Motion to Stay Proceedings ("Petition and Motion") asking the Court to submit nine of plaintiffs' ten claims to arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 2 & 4, and stay proceedings on the remaining Count (Count Three alleging violations of Section 12(2) of the Securities Exchange Act of 1933, 15 U.S.C. § 77*l*). Plaintiffs opposed this Petition and Motion. The Court reviewed the memoranda filed by respective counsel and the relevant case law and held a hearing on defendant's Petition and Motion on April 18, 1986. After considering the argument of counsel, the Court ruled from the bench and denied defendant's Petition and Motion. The Court also exercised its discretion under *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and reserved judgment, at that time, as to whether the pendent state law claims were arbitrable.

Since the oral argument on April 18, 1986, the Court has continued to review the relevant case law and to consider the memoranda filed by respective counsel on both defendant's Petition to Arbitrate and Mo-

tion to Stay Proceedings and defendant's Motion for Reconsideration. The Court now finds, consistent with its ruling on April 18, 1986, that plaintiffs' federal securities law claims and the RICO claim are *not* arbitrable and are properly before this Court. However before the Court can rule as to whether plaintiff's pendent state claims (Counts Six through Ten of the Complaint) are arbitrable, it must determine the threshold issue of whether defendant Zandford fraudulently induced plaintiff Kalali to sign the arbitration agreement. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404, 87 S.Ct. 1801, 1806, 18 L.Ed.2d 1270 (1967). If plaintiff was fraudulently induced then the arbitration agreement is invalid and none of the claims are arbitrable. Thus, the Court will make such a determination at an appropriate time henceforth. Moreover, the trial before this Court will proceed as scheduled on the federal claims before the Court. Those claims allege that the defendants violated the following federal laws: Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 of the Securities and Exchange Commission (Count 1); Section 20 of the Securities Exchange Act of 1934 (Count 2); Section 12(2) of the Securities Exchange Act of 1933 (Count 3); Section 17(a) of the Securities Exchange Act of 1933 (Count 4); and Section 1964(c) of RICO.

PLAINTIFFS' FEDERAL CLAIMS ARE NOT ARBITRABLE AND THE COURT'S RULING DENYING DEFENDANT'S PETITION FOR ARBITRATION AND MOTION FOR A STAY IS PROPER AS TO THE FEDERAL CLAIMS UNDER THE LAW AS STATED BY THE SUPREME COURT AND THIS CIRCUIT. THEREFORE, DEFENDANT'S MOTION FOR RECONSIDERATION MUST BE DENIED.

In denying defendant's Petition and Motion in this case, the Court relied on the policy expressed by the Court of Appeals for this Circuit that when a doubt exists as to whether a claim under the federal securities laws should be submitted to arbitration, it must be resolved in favor of access to the federal courts. *Williams v. E.F. Hutton*, 753 F.2d 117, 120 (D.C.Cir.1984); *see also Wilko v. Swan*, 346 U.S. 427, 438, 74 S.Ct. 182, 1889–89, 98 L.Ed. 168 (1953) ("the intention of Congress [in passing the Securities Act of 1933] is better carried out by holding invalid such an agreement for arbitration of issues arising under the Act"). While this Circuit has not spoken on the arbitrability of RICO claims, those courts that have considered the issue have found that since the enforcement of RICO involves issues of national concern and casts the litigants in the role of private attorneys general and since RICO is still "embryonic" it is best left to the courts to consider. *See Witt v. Merrill Lynch*, 602 F.Supp. 867, 870 (W.D.Pa.1985); *Universal Marine Insurance Co. v. Beacon Insurance Co.*, 588 F.Supp. 735, 738 (W.D.N.C. 1984); *Wilcox v. Ho-Wing Sit*, 586 F.Supp. 561, 567 (N.D.Cal.1984); *S.A. Mineracao da Trinidade-Samitri v. Utah International, Inc.*, 576 F.Supp. 566, 575–76 (S.D. N.Y.1983), *amended* 579 F.Supp. 1049, *aff'd* 745 F.2d 190 (2d Cir.1984).

The defendant, Prudential-Bache, now asks the Court to reconsider its denial of the Petition to Arbitrate and Motion to Stay the Proceedings. Defendant relies solely upon the Supreme Court's decision in *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238 84 L.Ed.2d 158 (1985). However, the Court now finds, as it did at the time of oral argument, that defendant's reliance is misplaced, and its argument is unconvincing. For the reasons set forth below, defendant's Motion for Reconsideration is denied.

Defendant contends that in *Dean Witter*, 105 S.Ct. 1238 (1985), which was decided after *Williams*, 753 F.2d 117 (D.C.Cir. 1984), the Supreme Court established that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Dean Witter*, 105 S.Ct. at 1242 (quoting *H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d

765 (1983)). However, upon closer examination the Court finds that defendant has taken this quotation out of context and when the *Dean Witter* decision is considered as a whole and applied to the facts of the present case defendant's contention is unfounded.

The issue before the Supreme Court in *Dean Witter* was "whether [a federal court must] compel arbitration of pendent state-law claims when the federal court will in any event assert jurisdiction over a federal-law claim"? *Dean Witter*, 105 S.Ct. at 1240. The Supreme Court found that the district courts must compel arbitration over *"pendent arbitrable claims"* even if it resulted in "possibly inefficient maintenance of separate proceedings in different forums." *Id.* at 1241. However, unlike in the present case, there were no federal securities claims before the Supreme Court in *Dean Witter* since the defendant assumed that those claims were not subject to arbitration and could only be resolved in federal court. *Id.* at 1239–40. In fact, the Supreme Court expressly declined to resolve the question of arbitrability of plaintiff's federal securities claims under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5. *Id.* at 1240 n. 2. The Supreme Court noted that while the question of arbitrability remains open, many federal district courts and appellate courts have found that these claims under the 1934 Act are not arbitrable. *Id.* at 1240 n. 1 (and cases cited therein).

In the present case, the Court has yet to determine whether the pendent state claims are arbitrable. The only claims presently before the Court involve *federal* securities laws and RICO. Under the Supreme Court's holding in *Dean Witter*, this Court would have to submit arbitrable pendent state claims to arbitration. However, there is nothing in the decision to suggest that this Court is compelled to send the *federal* claims to arbitration once the Court has decided, as it has in this case, that those claims are not arbitrable. Moreover, the Supreme Court's discussion of the federal securities claims which are not arbitrable in *Dean Witter*, mentioned above, lends

further support to this Court's decision that the plaintiffs' federal claims in the present case are not arbitrable in light of *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953) and *Williams v. E.F. Hutton*, 753 F.2d 117 (D.C.Cir.1984).

As the Supreme Court stated in *Dean Witter*, "[t]he [Arbitration] Act ... *does not mandate the arbitration of all claims*, but merely the enforcement—upon motion of one of the parties—of privately negotiated arbitration agreements." *Id.* at 1242 (emphasis added). There are no claims before the Court at this time which it deems arbitrable. Therefore, defendant's original Petition and Motion were properly denied. Consequently, defendant's Motion for Reconsideration must also be denied.

### CONCLUSION

Upon review of the memoranda filed by respective counsel concerning defendant's Petition for Arbitration and Motion for a Stay of Proceedings, the relevant case law, the oral argument of counsel at the hearing on April 18, 1986, and defendant's memoranda in support of its Motion for Reconsideration, the Court finds that it properly denied defendant's Petition and Motion. Thus, for the reasons stated above, defendant's Motion for Reconsideration must be denied. An Order in accordance with the foregoing shall be issued of even date herewith.