Robert **KERSHAW** and Rob Kershaw, **Plaintiffs-Appellees,**

v.

**DEAN WITTER REYNOLDS, INC.,** a Delaware corporation, **Defendant-Appellant.**

No. 83–5902.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 1984.

Decided April 2, 1984.

Teresa J. Hermosille, Michael Abbott, Jones, Bell, Simpson & Abbott, Robert P. Beckham, Argue, Freston, Pearson & Harbison & Myers, Los Angeles, Cal., for defendant-appellant.

Robert Kershaw, in pro. per.

Before ALARCON and NELSON, Circuit Judges, and COPPLE,* District Judge.

COPPLE, District Judge.

Defendant-appellant Dean Witter Reynolds, Inc. ("Dean Witter") appeals from the interlocutory order of a United States Magistrate denying Dean Witter's motion to compel arbitration and for a stay pending arbitration. We reverse.

Plaintiffs-appellants Robert and Rob Kershaw ("the Kershaws") filed a four count complaint. Three claims alleged a violation of state law. The fourth alleged a violation of § 10(b) of the Securities Exchange Act of 1934.[1]

■ Under their agreements with Dean Witter, the Kershaws agreed to arbitration of disputes. Claims arising out of alleged violations of federal securities laws, however, are not arbitrable. *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). Relying on the doctrine of intertwining, *see Miley v. Oppenheimer & Co.,* 637 F.2d 318 (5th Cir.1981); *DeLancie v. Birr, Wilson & Co.,* 648 F.2d 1255, 1259 n. 4 (9th Cir.1981), Dean Witter did not move for arbitration of the state law claims. A few days before trial, the Kershaws announced their intention to dismiss the federal claim. Dean Witter moved to stay further proceedings pending arbitration of the remaining claims. The motion was denied. Dean Witter appeals.

■ The Ninth Circuit recently has adopted the doctrine of intertwining. In *A. Lamar Byrd v. Dean Witter Reynolds, Inc.,* 726 F.2d 552 (9th Cir.1984), a panel of this court held that when arbitrable and nonarbitrable claims are so intertwined

---

* Honorable William P. Copple, Senior United States District Judge for the District of Arizona, sitting by designation.

1. Jurisdiction over the state claims was based on diversity of citizenship. 28 U.S.C. § 1332.

that the protective intent of the federal securities laws would be frustrated by separating the claims, the district court should refuse to separate them. In the instant case, Dean Witter concedes that the state law and federal securities claims are intertwined. Therefore, in the absence of the Kershaws' voluntary dismissal of the federal claim, trial of all of the Kershaws' claims should have proceeded in federal court.

■ Dean Witter did not waive its right to arbitration. Because the doctrine of intertwining would have precluded arbitration of the state law claims, Dean Witter's late assertion of the right to arbitration was not inconsistent with that right. *See Shinto Shipping Co. v. Fibrex & Shipping Co., Inc.*, 572 F.2d 1328, 1330 (9th Cir. 1978).

■ Moreover, the Kershaws have suffered no prejudice by Dean Witter's late assertion of the right to arbitration. *See id.* Because the Kershaws voluntarily have dismissed their federal securities claim, the policies underlying the doctrine of intertwining no longer are of concern. First, the policy of preserving the exclusive jurisdiction of the federal courts over the federal securities claim no longer is implicated. *See Sibley v. Tandy*, 543 F.2d 540, 542–43 (5th Cir.1976), *cert. denied*, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977). Second, the parties will not be required to duplicate their efforts. *See Dickinson v. Heinhold Securities Inc.*, 661 F.2d 638, 644 (7th Cir.1980). If there is arbitration, there will be no de novo trial of the pendent state claims. *Rossi v. Trans World Airlines, Inc.*, 507 F.2d 404, 405 (9th Cir.1974) ("courts will not review the merits of arbitration awards so long as the award is based properly on the applicable ... agreement"). Finally, because the federal claims have been dismissed, there will be no trial of those claims.

The order of the magistrate denying Dean Witter's motion to compel arbitration and to stay further proceedings pending arbitration is reversed. The case is remanded to the district court with directions to order that the state law claims be submitted to arbitration and to stay further proceedings pending arbitration.

REVERSED AND REMANDED.