John H. COONLY

v.

ROTAN MOSLE, INC. and Howard Phillips.

Civ. No. A–83–CA–529.

United States District Court, W.D. Texas, Austin Division.

June 4, 1985.

Joe Lea, Jr., Lea, Price, Austin, Tex., for plaintiff.

Richard L. Josephson, Lee H. Rosenthal, Baker & Botts, Houston, Tex., for defendants.

## ORDER

NOWLIN, District Judge.

Plaintiff has brought suit against Defendants over losses incurred in his securities account at Rotan Mosle, Inc. ("Rotan"). Plaintiff is not the first person to lose money in the securities game and he is not the first person to bring suit against the dealer who lost it. To counter the litigious nature of investors, the Defendant had Plaintiff, and presumably other customers, execute an agreement providing for arbitration. The agreement had the following language:

Any controversy between you and the undersigned arising out of or relating to this agreement, or the breach thereof, shall be settled by arbitration, in accordance with the rules, then obtaining, of either the American Arbitration Association, or the Board of Arbitration of the New York Stock Exchange, as the undersigned may elect. If the undersigned does not make such election by registered mail addressed to you at your main office within five days after the mailing by you of a notice requesting such election, then the undersigned authorizes you to make such election on behalf of the undersigned. Any arbitration hereunder shall be before at least three arbitrators and the award of the arbitrators or of a majority of them shall be final, and judgment upon the award rendered may be entered in any court having jurisdiction, and the undersigned hereby submits himself and his personal representatives to the jurisdiction of any such court for the purpose of such arbitration and the entering of such judgment.

Plaintiff has stated several causes of action. They include violations of the Securities and Exchange Act of 1934, which gives this Court the jurisdiction, and pendent state claims, including fraud, breach of fiduciary duty, and violations of the Texas Deceptive Trade Practices Acts ("DTPA") Tex.Bus. & Com.Code § 17.41 *et seq.* (Vernon's 1985) and the Texas Securities Act. Plaintiff has alleged no violation of the Federal Securities Act of 1933.

The Federal Arbitration Act, 9 U.S.C. § 2 provides as follows:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Section 3 of the same Act provides as follows:

If any suit or proceeding be brought in any of the courts of the United States

upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

On March 4, 1985, the United States Supreme Court decided the case of *Dean Witter Reynolds Inc. v. Byrd,* —— U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). Prior to that decision, this Circuit, along with the Ninth and Eleventh, had adhered to the "doctrine of intertwining." Thus a party could escape the arbitration clause by convincing the district court that arbitrable and non-arbitrable claims were so intertwined factually and legally, that the federal court could retain jurisdiction over the entire case. The square holding of the Supreme Court was that the Arbitration Act requires district courts to compel arbitration of other arbitrable claims when one of the parties files a motion to compel. *Byrd,* 105 S.Ct. at 1241.

■ Plaintiff claims as foul the use of *Byrd* in this fashion. He asserts that Defendants have waived their right to arbitrate under this statute. Defendants respond that equity does not require that one seek arbitration until it may legitimately be sought, and cite this Court to the case of *Belke v. Merrill Lynch, Pierce, Fenner & Smith,* 693 F.2d 1023 (11th Cir.1982). The Court has also reviewed the case of *Kershaw v. Dean Witter Reynolds, Inc.,* 734 F.2d 1327 (9th Cir.1984). In each of these cases the circuit courts held that arbitration should be mandated once it was feasible. Further, there is nothing in the *Byrd* decision that appears to give this court any flexibility in the decision. The Court must order arbitration. Questions to be resolved relating to the timeliness of the request or demand to arbitrate are to be resolved by

the arbitrator, not the Court. *Belke,* 693 F.2d at 1027.

The Plaintiff next argues that he has claims over which there should be no arbitration. Specifically, Plaintiff has raised claims under the Texas DTPA and the Texas Securities Act. These claims do not preclude arbitration. The case of *Marley v. Drexel Burnham Lambert, Inc.,* 566 F.Supp. 333 (N.D.Tex.1983) addressed this issue, and addressed it correctly in this Court's opinion. The question before that Court, and this one, is whether Section 2 of the Federal Arbitration Act preempts section 17.42 of the Texas DTPA, insofar as it would require arbitration of the DTPA. The application of the state policy would "produce a result inconsistent with the objective of the federal state." *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, at 230, 67 S.Ct. 1146, at 1152, 91 L.Ed. 1447 (1971). *See also Southland Corporation v. Keating,* 461 U.S. 1, 104 S.Ct. 852, 858, 79 L.Ed.2d 1 (1984). There is a strong federal policy in favor of arbitration. *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953) and *Dean Witter Reynolds, Inc. v. Byrd,* —— U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).

■ This Court is of the opinion that the Federal Arbitration Act preempts the nonwaiver provision of the DTPA. *Marley,* 566 F.Supp. 333, at 335. The Court believes that the same reasoning should apply to the claims under the Texas Securities Act. The Court will order arbitration of these state claims.

■ The final claim is under the 1934 Federal Securities Act. The Supreme Court could have made this question very easy by resolving this issue in *Byrd,* but it chose not to. This Court believes that it would be proper to submit those claims to arbitration. In *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182 (1953), the Supreme Court held that a pre-dispute agreement to arbitrate claims that arise under § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77 *l* (2), was not enforceable. The Supreme Court relied on the specific language of § 14 of the Securities Act of 1933, 15 U.S.C. § 77n

that voids any "stipulation" by the parties to waive the right to seek a judicial remedy. The Supreme Court examined the application of *Wilko* to a claims under the Securities Exchange Act of 1934 in *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974). The Court questioned the applicability of *Wilko* to a claim arising under § 10(b) of the Securities Exchange Act of 1934, or under Rule 106-5, because the provisions of the 1933 and 1934 Acts differ, and because, unlike § 12(2) of the 1933 Act, § 10(b) of the 1934 Act does not expressly give rise to a private cause of action. The Supreme Court did not specifically decide that *Wilko* would not apply in the context of a claim under the 1934 Act. This has caused many courts to deny arbitration for such claims.

The Fifth Circuit addressed this issue in *Sibley v. Tandy Corp.*, 543 F.2d 540 (5th Cir.1976). The Court wrote that "we adhere to the view that the similarities between the 1933 Securities Act and the 1934 Exchange Act far outweigh any differences which might exist, and that the widely held view that *Wilko* is applicable to both the 1933 and 1934 Acts is still correct." *Sibley*, 543 F.2d 540, 543 n. 3. While the Fifth Circuit has not changed this view in any written opinion, in light of *Byrd*, this Court will order the 1934 Act claims to be arbitrated as well. Not only does the Supreme Court abolish the doctrine of intertwining, it speaks strongly in favor of the use of the Arbitration Act. *See Southland Corporation v. Keating*, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984).

IT IS HEREBY ORDERED that the parties submit this case to arbitration in accord with their pre-dispute agreement; and the litigation in this case is stayed pending that arbitration.