**Ellen Judith FINN, Plaintiff,**

v.

**Thomas I. DAVIS and Prudential-Bache Securities, Defendants.**

**No. 84–8414–Civ–GONZALEZ.**

United States District Court, S.D. Florida, N.D.

June 20, 1985.

---

John P. Stetson, West Palm Beach, Fla., for plaintiff.

David M. Goldstein, North Miami, Fla., for Davis.

Kathy M. Klock, Fowler, White, Burnett, Hurley, Banick & Strickroot, Miami, Fla., for Bache.

## ORDER COMPELLING ARBITRATION

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the defendants' Renewed and Amended Motion to Compel Arbitration of All Claims. For the reasons set forth below, the Motion will be GRANTED.

## FACTS

In 1983, the plaintiff opened an account with defendant, Prudential-Bache. In connection thereto, she signed an Option Agreement providing for arbitration of certain disputes.

> In the event of any dispute between us or claim by me or claim by you on account of the purchase, sale, handling, execution or endorsement of puts or calls for any account, the same shall be arbitrated in accordance with the rules of the exchange on which the put or call which is the subject of the dispute is traded or in accordance with the rules of the New York Stock Exchange Incorporated of the NASD, if the put or call is not traded on a national securities exchange.

Defendant's Motion to Dismiss Nonfederal Claims, Exhibit 3, ¶ 10.

The plaintiff also executed a Command Account Agreement. Specifically, she agreed that

> [a]ny controversy arising out of or relating to my account, to transactions with or for me or to this Agreement or the breach thereof, and whether executed or to be executed within or outside of the United States, except for any controversy arising out of or relating to transactions in commodities or contracts related thereto executed on or subject to the rules of a contract market designated as such under the Commodity Exchange Act, as amended, shall be settled by arbitration in accordance with the rules then obtaining of either the American Arbitration Association or the Board of Governors of New York Stock Exchange as I elect.

Defendant's Motion to Dismiss Nonfederal Claims, Exhibit 4, page 6.

As happens so frequently with stock market investments, the plaintiff lost money. She then brought this action in an attempt to recoup her losses.

The plaintiff charges the defendants with various securities related violations. Counts 1–3 of her complaint allege causes

of actions under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j(b) (West 1981) and Rule 10b–5, 17 C.F.R. § 240.10b–5 (1984), for misrepresentations, omissions and unsuitable stocks, churning and unauthorized trades; Count 4 alleges a cause of action under sections 20(a) and (b) of the 1934 Act, 15 U.S.C.A. 78t(a) (West 1981) for failure to supervise; and Count 5 asserts a cause of action under the federal RICO statute, 18 U.S.C.A. § 1961, *et seq.* (West Supp.1984).

## CONCLUSIONS OF LAW

The defendants argue that the plaintiff's causes of action must be submitted to arbitration as required by *Dean Witter Reynolds, Inc. v. Byrd,* —— U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).[1]

This Court agrees.

Statutory authorization for and enforcement of arbitration clauses such as those executed by the plaintiff are found in section 2 of the Federal Arbitration Act, 9 U.S.C.A. § 2 (West 1970). This section provides:

A ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Further, upon proper application by a party not in default, the trial court shall stay trial of the action until the agreed upon arbitration process is held.

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C.A. § 3 (West 1970).

This Court finds that the arbitration clauses within the previously-mentioned Agreements are valid. Further, the plaintiff's claims are clearly within the scope of the clauses as the complained of actions arose from or related to the plaintiff's account. Also, as the transactions were executed through facilities of national securities exchanges, the "transaction involving commerce" requirement of section 2 of the Arbitration Act is met. See, *Parry v. Bache & Co.,* 125 F.2d 493 (5th Cir.1942).

The Court notes that the Arbitration Act had been tempered by two judicially created exceptions: the intertwining doctrine and the *Wilko* doctrine. The recent *Byrd* decision, however, specifically disapproved the intertwining doctrine. Further, the validity of the *Wilko* doctrine as applied to cases involving transactions outside the protection of the Securities Act of 1933 is clearly suspect.

In *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), the Supreme Court ruled that a purchaser and broker/dealer agreement to arbitrate future controversies contravened anti-waiver provisions of section 14 of the Securities Act of 1933, 15 U.S.C.A. 77n (West 1981). Section 14 proscribes "[a]ny condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision," of the 1933 Act. Further, the 1933 Act specifically allows any person acquiring a security the express

---

1. The plaintiff opposes this Motion arguing that no provision within the federal rules allow "renewed" Motions. Prior to the *Byrd* decision, however, motions for arbitration of plaintiff's claims would be futile. Thus, defendants' "renewed" motion must be considered by this Court.

right to sue in a judicial forum in either equity or law as a means to enforce liabilities or duties created under the 1933 Act. 15 U.S.C.A. §§ 77k(a), 77*l*, 77p and 77v (West 1982). Thus, compulsary arbitration of a 1933 Act claim, as recognized by *Wilko*, is not available.

The Supreme Court applied the *Wilko* doctrine solely to attempts to compel arbitration of 1933 Act claims. Other courts, however, extended *Wilko's* tenets to claims arising under the 1934 Act. See, *Raiford v. Buslease*, 745 F.2d 1419 (11th Cir.1984).

With the guidance now provided by the *Byrd* decision and the invitation implicit therein, this Court finds that continued application of the *Wilko* doctrine to claims other than those arising out of the 1933 Act is no longer appropriate.

In *Dean Witter Reynolds, Inc. v. Byrd, supra,* the petitioner, broker/dealer, unsuccessfully attempted to enforce an arbitration clause to compel arbitration of pendent state claims. The Supreme Court, however, reversed the lower court decisions and recognized that the Arbitration Act "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.,* 105 S.Ct. at 1241. (Emphasis provided.) The Court also questioned the applicability of *Wilko* to a 1934 Act claim, but declined to decide the issue as it was not raised on appeal. *Ibid* at n. 1.

In his concurring opinion, Justice White noted the distinctions between the 1933 and 1934 Acts. He stated that *"Wilko's* reasoning cannot be mechanically transplanted to the 1934 Act." *Id.* at 1243. Finally, Justice White emphasized that "the question [of applying *Wilko* to 1934 Act claims] remains open and the contrary holdings of the lower courts must be viewed with some doubt." *Ibid.*

The Supreme Court, however, first expressed reservations about the propriety of applying *Wilko* to claims arising under the 1934 Act in *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 514, 94 S.Ct. 2449, 2454, 41 L.Ed.2d 270 (1974).

Wilko concerned a suit brought under § 12(2) of the Securities Act of 1933, which provides a defrauded purchaser with the 'special right' of a private remedy for civil liability. There is no statutory counterpart of § 12(2) in the Securities Exchange Act of 1934, and neither § 10(b) of the Act nor Rule 10b–5 speaks of a private remedy to redress violations of the kind alleged here. While federal case law has established that § 10(b) and Rule 10b–5 create an implied private cause of action, ... the Act itself does not establish the 'special right' that the Court in Wilko found significant. Furthermore, while both the Securities Act of 1933 and the Securities Exchange Act of 1934 contain sections barring waiver of compliance with any 'provision' of the respective Acts, certain of the 'provisions' of the 1933 Act that the Court held could not be waived by Wilko's agreement to arbitrate find no counterpart in the 1934 Act. In particular, the Court in Wilko noted that the jurisdictional provision of the 1933 Act, 15 U.S.C. § 77v, allowed a plaintiff to bring suit 'in any court of competent jurisdiction—federal or state—and removal from a state court is prohibited.' The analogous provision of the 1934 Act, by contrast, provides for suit only in the federal district courts that have 'exclusive jurisdition,' 15 U.S.C. § 78aa, thus significantly restricting the plaintiff's choice of forum.

(Citations and footnotes omitted). See, *Herman & MacLean v. Huddleston,* 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983).

This court also notes the distinctions between the 1933 Act and the 1934 Act as well as the strong national policy favoring arbitration, see, *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), and hereby accepts *Byrd's* invitation to compel parties' compliance with express contractual obligations concerning arbitration. Accordingly, plaintiff's claims arising from the the 1934 Act shall proceed to arbitration.

The court also finds that the RICO claim shall proceed to arbitration. Clearly, that claim falls within the arbitration clauses agreed to by the plaintiff. The court recognizes that RICO law is still developing. Owing to the national policy favoring arbitration, *Moses H. Cone Memorial Hospital v. Mercury Construction Corp., id.,* this court will not fashion another exception to the Arbitration Act. The parties agreed to arbitrate certain claims arising from their transactions; the RICO claims clearly arose therefrom. Thus, arbitration is required.

Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1. The Renewed and Amended Motion to Compel Arbitration of All Claims be and the same is GRANTED. Within 60 days of the filing of this Order, the parties shall submit a report setting forth the status of the arbitration proceeding;

2. The Clerk of Court is hereby directed to indicate that this case is closed for administrative purposes.

.3. The Court shall retain jurisdiction of the parties and the subject matter of this suit for purposes of enforcing any future arbitration award, and entering a Final Judgment herein upon appropriate application by any party.