**Max WEIZMAN, Plaintiff,**

v.

**Gary ADORNATO, Prudential Bache Securities, Inc. and Shearson/American Express, Inc., Defendants.**

**No. CV 84–3603.**

United States District Court, E.D. New York.

Sept. 26, 1985.

Robert L. Kassel, Speonk, N.Y., for plaintiff.

Henry Putzel, III, New York City, for defendant Adornato.

Butler, Fitzgerald & Potter, New York City, for defendant Prudential Bache.

Clifford Saffron, New York City, for Shearson/American Express, Inc.

### MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff has requested leave to amend the complaint in order to add claims against defendants Adornato, Prudential Bache Securities, Inc. ("Bache"), and Shearson/American Express, Inc. ("Shearson") under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68 ("RICO").

### BACKGROUND

Plaintiff Max Weizman commenced this lawsuit against Gary Adornato, Bache, and Shearson for violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). In a prior order, this Court compelled the arbitration of various pendant

---

state claims and refused to compel arbitration of the federal securities law claims.[1]

The complaint alleges that Adornato, as plaintiff's stockbroker and an employee of Bache[2] executed hundreds of trades in plaintiff's account without plaintiff's knowledge or authorization. This activity, known as "churning," cost plaintiff tens of thousands of dollars in commissions and margin interest and largely depleted his deposits without increasing the value of the portfolio. In addition, the complaint alleges that Adornato made a number of material misrepresentations to plaintiff in connection with plaintiff's account.

As a consequence of the Supreme Court's decision in *Sedima, S.P.R.L. v. Imrex Company, Inc.,* — U.S. — 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), plaintiff now seeks to amend his complaint to add RICO claims against all three defendants. In the amended complaint, plaintiff alleges that "each of Adornato, Shearson and Bache is a person within the meaning of RICO" and that "each of Shearson and Bache is an enterprise within the meaning of RICO." Plaintiffs Amended Complaint ¶¶ 46–47. Defendant Bache opposes the motion on two grounds: (1) the RICO claim is subject to arbitration,[3] and (2) plaintiff's amended complaint fails to state a cause of action under RICO. Adornato does not oppose the motion.

## DISCUSSION

### A. ARBITRATION OF RICO CLAIMS

■ Bache contends that any RICO claims are subject to arbitration.[4] Bache argues that the Federal Arbitration Act, 9 U.S.C. § 2, requires the court to uphold the validity of a contractual arbitration clause and that disputes be submitted to arbitration. Relying on *Finn v. Davis,* 610 F.Supp. 1079 (D.C.Fla.1985), Bache argues that RICO claims are within the scope of the broadly-phrased arbitration clause entered into as part of an agreement between the parties and that the court should not carve out another exception to the Arbitration Act. *See* 610 F.Supp. at 1083. This Court is not persuaded by this reasoning and instead chooses to follow *S.A. Mineracao da Trinidade Samitri v. Utah International, Inc.,* 576 F.Supp. 566 (S.D.N.Y. 1983), *aff'd on other grounds,* 745 F.2d 190 (2d Cir.1984). In a lengthy analysis of the policies underlying RICO and the federal arbitration statute, Judge Goettel concluded that the importance of preventing the infiltration of legitimate business by organized crime outweighed the preference for enforcing commercial arbitration clauses. 576 F.Supp. at 575–76 (citing *Scherk v. Alberto-Culver,* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974)).

In this case, the policies favoring the non-enforcement of the arbitration clause are even stronger. Unlike *Scherk* and *S.A. Mineracao,* the present case involves domestic securities fraud, not a breach of contract between parties of diverse nationality. Furthermore, when RICO claims are paired with claims for securities fraud, we would be reluctant to allow arbitration now in light of prior decisions of this Court in this very case. *See Weizman v. Adornato,* 84 Civ. 3603 (E.D.N.Y. April 24, 1985) (mem.) (federal securities law claim not arbitrable).

---

1. After this Court stayed the proceedings pending arbitration, plaintiff abandoned the state claims and the case proceeded with respect to only the federal claims.

2. At some point after Adornato became plaintiff's stockbroker, Adornato left Bache to work at Shearson. Consequently, in November 1983 plaintiff transferred his account to Shearson in order to retain Adornato as his broker.

3. Shearson has chosen not to oppose the motion. Nevertheless, the similarity of Shearson's position to that of Bache dictates that this Court apply Bache's arguments in favor of Shearson.

4. Arbitration of RICO claims has been addressed by a number of courts. *See S.A. Mineracao Trinidate-Samitri v. Utah Int'l, Inc.,* 576 F.Supp. 566 (S.D.N.Y.1983), *aff'd on other grounds,* 745 F.2d 190 (2d Cir.1984) (RICO not-arbitrable); *see also Jacobson v. Merrill Lynch Pierce Fenner & Smith,* 605 F.Supp. 510 (W.D. Penn.1984); *Universal Marine Insurance Co., Ltd. v. Beacon Insurance Co.,* 588 F.Supp. 735 (W.D.N.C.1984) and *Wilcox v. Ho-Wing Sit,* 586 F.Supp. 561 (N.D.Cal.1984) (following *S.A. Mineracao*). *But see Finn v. Davis,* 610 F.Supp. 1079 (D.C.Fla.1985) (RICO claims arbitrable).

Finally, Bache argues that the Supreme Court's decision in *Dean Witter Reynolds Inc. v. Byrd*, —— U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), which rejected the intertwining doctrine, warrants denial of the motion. This is beside the point because there are no longer any pendant state claims in this suit and the intertwining doctrine is therefore inapplicable.

## B. FAILURE TO STATE A CAUSE OF ACTION

Turning to Bache's second argument, although "leave to amend shall be freely given when justice so requires," Fed.R. Civ.P. 15(a), granting leave to amend should be denied when an amended pleading would be vulnerable to a motion to dismiss under Rule 12(b)(6). 3 Moore's Federal Practice ¶ 15.08(4) at 15–109. Bache contends that plaintiff's amended complaint fails to state a cause of action under RICO, because a corporation cannot be both an "enterprise" and a "person". In support of this position, Bache refers to a recent decision of the Second Circuit Court of Appeals which held that a corporation can not be both a "person" and an "enterprise" for the purposes of 18 U.S.C. § 1962(c). *Bennett v. U.S. Trust Company*, 770 F.2d 308 (2d Cir.1985), *reprinted in* [current] Fed.Sec.L.Rep. (CCH) ¶ 92,250. In joining seven other circuit courts of appeal, the Second Circuit determined that requiring a distinction between the person and the enterprise is consistent with both the language of § 1962(c) and Congressional intent. *Bennett v. U.S. Trust Company*, 770 F.2d at 315, [current] Fed.Sec.L. Rep. (CCH) ¶ 92,250 at 91,752.

■ As drafted, plaintiff's amended complaint does not state a cause of action under 18 U.S.C. § 1962(c) against Bache and Shearson because it alleges that Bache and Shearson are both a "person" and an "enterprise". Accordingly, plaintiff is denied leave to amend his complaint to add RICO claims against Bache and Shearson.

Defendant Adornato has not opposed the motion requesting leave to amend the complaint. Because adding a RICO claim is neither frivolous nor prejudicial to him, we hold that leave should be granted to add a RICO claim against Adornato. Fed.R. Civ.P. 15(a).

Accordingly, leave to amend the complaint against Bache and Shearson is denied without prejudice and granted as to defendant Adornato.