**Colin H. SACKS, Plaintiff,**

v.

**DEAN WITTER REYNOLDS INC., Defendant.**

**No. 85–6997–RG (Kx).**

United States District Court, C.D. California.

Dec. 31, 1985.

Parke, Anderson & Stoker, Santa Barbara, Cal., for plaintiff.

Jones, Bell, Simpson & Abbott, Los Angeles, Cal., for defendant.

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

GADBOIS, District Judge.

The motion of defendant Dean Witter Reynolds Inc. ("Dean Witter") to Compel Arbitration of plaintiff's pendent state law and federal statutory claims came on for hearing before this Court on December 16,

1985. The complaint alleges state law claims for fraud, negligent misrepresentation and breach of fiduciary duty as to which plaintiff asserts this court should exercise pendent jurisdiction, as well as a claim for violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) ("1934 Act") and Rule 10b–5, 17 C.F.R. § 240.10b–5, promulgated thereunder ("Rule 10b–5"), and for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–64 ("RICO Act"). Generally, plaintiff alleges that Dean Witter invested his funds in high-risk securities, contrary to his instructions and without his knowledge.

Dean Witter seeks to compel arbitration of all of the plaintiff's claims pursuant to arbitration agreements contained within three Customer Agreements signed by plaintiff in connection with the opening and maintenance of his securities account with Dean Witter. Plaintiff opposes Dean Witter's motion to arbitrate and sets forth two arguments. First, plaintiff argues that the scope of the arbitration provision is ambiguous and consequently should not be construed so broadly as to apply to this dispute. Second, plaintiff argues that should this court uphold the validity and scope of the arbitration provision, his claims for violation of Section 10(b) of the 1934 Act and for violation of the RICO Act cannot, as a matter of law, be ordered to arbitration.

# I

## PLAINTIFF ENTERED INTO VALID AND ENFORCEABLE ARBITRATION AGREEMENT

Plaintiff's argument that the arbitration provision in issue is ambiguous and does not encompass the instant dispute is not well-founded. Plaintiff signed three separate agreements during the course of the opening and maintenance of his account with Dean Witter. The arbitration provision contained in the two documents entitled "Customer's Agreement" states, in

part: "Any controversy between you and the undersigned arising out of or relating to this contract or the breach thereof, shall be settled by arbitration ..."[1]

Arbitration is favored by the federal courts and arbitration provisions are to be construed broadly to effectuate the strong federal policy evidenced by the Federal Arbitration Act. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983). The plaintiff's allegations that Dean Witter's account executives mishandled his account are precisely the sorts of claims intended by the parties to fall within the scope of the arbitration provision in issue. Even though plaintiff argues that the claims arise out of alleged tortious behavior on the part of Dean Witter's employees and not out of a breach of the customer's agreement, those claims are subject to arbitration under the arbitration provision in issue. As stated in *Cone*, doubts as to the scope of an arbitration provisions are to be resolved in favor of coverage. *Cone*, 460 U.S. at 24–25, 103 S.Ct. at 941–42.

Since an enforceable arbitration provision exists between the parties and a motion to compel arbitration has been brought, the Supreme Court's recent decision in *Dean Witter Reynolds Inc. v. Byrd*, —— U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) mandates an order compelling arbitration of plaintiff's pendent state claims and staying further proceedings in this action as to those claims pending completion of the arbitration. With respect to plaintiff's pendent claims, therefore, Dean Witter's motion is GRANTED.

# II

## PLAINTIFF'S RULE 10b–5 CLAIM IS ARBITRABLE

Dean Witter has also requested that this court order arbitration of plaintiff's claim for violation of Section 10(b) of the 1934 Act.

---

**1.** Plaintiff also entered into a "Securities Account Agreement" when he opened his "Active Assets Account" which contained a similar arbitration provision which states, in part: "Any controversy between DWR and me arising out of or relating to this contract or the breach thereof shall be settled by arbitration ..."

With respect to his claim for violation of Section 10(b) of the 1934 Act and Rule 10b–5 promulgated thereunder, plaintiff argues that claims brought under the federal securities acts cannot as a matter of law be ordered to arbitration. In *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), the Supreme Court held that an agreement to arbitrate claims arising under Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(2), is unenforceable. Decisions in some of the circuit courts of appeal prior to *Byrd, supra,* have expanded the holding of *Wilko* to bar arbitration of claims brought under Section 10(b) of the 1934 Act. On two occasions, the Ninth Circuit appeared to similarly rely upon the decision in *Wilko* to conclude that claims under Section 10(b) and Rule 10b–5 are nonarbitrable. See, e.g., *Kershaw v. Dean Witter Reynolds Inc.,* 734 F.2d 1327 (9th Cir.1984); *DeLancie v. Birr, Wilson & Co.,* 648 F.2d 1255 (9th Cir.1981). However, this Court is not convinced that the Ninth Circuit has had an opportunity to fully analyze the applicability of *Wilko* to claims brought under Section 10(b) of the 1934 Act. In *Kershaw,* decided prior to *Byrd,* the Ninth Circuit stated in conclusory fashion that Rule 10b–5 claims are nonarbitrable. However, the *Kershaw* decision contains no analysis elucidating the reasons for applying *Wilko* to claims brought under the 1934 Act. A determination of the arbitrability of Rule 10b–5 claims in fact was unnecessary to the decision in *Kershaw,* since the plaintiff's federal securities claim had been dismissed prior to the filing of the motion to compel arbitration in that case. In *DeLancie,* the Ninth Circuit similarly observed that arbitration of federal securities claims is disfavored by the courts in this circuit. Like *Kershaw,* however, the arbitrability issue was not analyzed by the court and in fact was unnecessary to its decision. Since the Ninth Circuit's consideration of the arbitrability of Rule 10b–5 claims has thus far been solely by way of dicta, this court makes its own analysis of the issue.

The Supreme Court has questioned the applicability of *Wilko* to claims arising under Section 10(b) because that section does not establish an express private right of action. *Scherk v. Alberto Culver Co.,* 417 U.S. 506, 513–15, 94 S.Ct. 2449, 2454–55, 41 L.Ed.2d 270 (1974). Recently, in *Byrd, supra,* the Supreme Court, while declining to directly address the issue of the arbitrability of Rule 10b–5 claims, noted that the issue was not settled. In his concurring opinion, Justice White went even further and asserted that the *Wilko* rationale may not apply to claims brought under the 1934 Act:

"Wilko's reasoning cannot be mechanically transplanted to the 1934 Act ... Wilko's solicitude for the federal cause of action—the 'special right' established by Congress, 346 U.S., at 431, 98 L.Ed.2d 168, 74 S.Ct. at 184—is not necessarily appropriate where the cause of action is judicially implied and not so different from the common law action.

The court has expressed these reservations before ... [in *Scherk* ] I reiterate them to emphasize that the question remains open and the contrary holdings of the lower courts must be viewed with some doubt." —— U.S. ——, at ——, 105 S.Ct. 1238, at 1244, 84 L.Ed.2d at 167–68.

 This court has had a prior opportunity to consider this issue and has ruled in favor of the arbitration of these claims. *Marx v. Dean Witter Reynolds Inc., et al.,* [current] Fed.Sec.L.Rep. (CCH) ¶ 92,311 (C.D.Cal. August 23, 1985). In light of the reasons advanced by Justice White in his concurring opinion in *Byrd,* the Supreme Court's reservations in *Scherk,* the absence of any Ninth Circuit decisions analyzing the applicability of *Wilko* to Rule 10b–5 claims, and the strong national policy favoring arbitration, defendant's motion to compel arbitration of plaintiff's claims for violation of Section 10(b) and Rule 10b–5 and to stay further proceedings in this action is GRANTED.

### III

### PLAINTIFF'S RICO ACT CLAIM IS ARBITRABLE

Dean Witter also seeks arbitration of plaintiff's claim under the RICO Act. The

arbitrability of RICO Act claims is a question covered in relatively few reported decisions. In a case within the Second Circuit, *S.A. Mineracao da Trindade-Samitri v. Utah International, Inc.,* 576 F.Supp. 566 (S.D.N.Y.1984), *amended,* 579 F.Supp. 1049, *aff'd* 745 F.2d 190 (2d Cir.1984), RICO Act claims were held not arbitrable. The court reasoned that, like antitrust laws, RICO Act enforcement not only affects the individuals involved, but also effectuates important societal policies, including the eradication of organized crime. 576 F.Supp. at 575. Because of this strong public interest, the *Mineracao* court concluded that Congress intended that RICO Act claims not be decided by arbitrators. 576 F.Supp. at 574–76. In affirming, the Second Circuit did not discuss the issue and merely assumed that RICO Act claims are not arbitrable. 745 F.2d at 196.

Some district courts have likewise found that RICO Act claims are not arbitrable. *Witt v. Merrill Lynch, Inc.,* 602 F.Supp. 867, 870 (W.D.Pa.1985); *Universal Marine Insurance Company v. Beacon Insurance Company,* 588 F.Supp. 735, 738 (W.D.N.C. 1984); *Wilcox v. Ho-Wing Sit,* 586 F.Supp. 561, 567 (N.D.Cal.1984). In *Wilcox,* in addition to noting the public interest argument upon which the court in *Mineracao* relied, the court held that the case law applying the RICO Act was "sufficiently embryonic that its development [is] better left to courts than to arbitrators." 586 F.Supp. at 567. The *Wilcox* court also observed that because RICO Act claims are often predicated on violations of the securities laws, the nonarbitrability of federal securities law claims militated against compelling arbitration in RICO cases. However, the decision by the Supreme Court in *Byrd* and the subsequent lower court decisions ordering to arbitration claims brought under Rule 10b–5 have weakened this justification for denying arbitration of RICO Act claims.

The recent Supreme Court decision in *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* — U.S. —, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) has made irrelevant the arguments set forth in *Mineracao*

for denying arbitration of RICO Act claims. In *Mitsubishi,* the Supreme Court held that an agreement to arbitrate antitrust claims in an international commercial transaction was enforceable. In so holding, the Court used broad language to emphasize that the parties to an arbitration contract are entitled to arbitrate federal statutory claims absent a contrary Congressional intention expressed in the statute:

> Just as it is the congressional policy manifested in the federal Arbitration Act that requires courts liberally to construe the scope of arbitration agreements covered by that Act, it is the congressional intention expressed in some other statute on which the courts must rely to identify any category of claims as to which agreements to arbitrate will be held unenforceable. [Citations omitted.] ... We must assume that if Congress intended the substantive protection afforded by a given statute to include protection against waiver of the right to a judicial forum, that intention will be deducible from text or legislative history. [Citation omitted.] Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue.

— U.S. at —, 105 S.Ct. at 3355, 87 L.Ed.2d at 456.

Finding no such congressional expression against arbitration in the antitrust statutes, the Supreme Court ordered arbitration of the antitrust claims in *Mitsubishi.* This court is convinced that absent an expression of congressional intention to preclude RICO Act claims from arbitration, such claims should also be arbitrated.

Subsequent to the decisions in *Byrd* and *Mitsubishi,* several federal district courts have also recognized that the reasoning of *Mineracao* may no longer be valid and that RICO Act claims are arbitrable. *See, e.g., Finn v. Davis,* 610 F.Supp. 1079, 1083 (S.D. Fla.1985); *West v. Drexel Burnham Lambert, Inc.,* [current] Fed.Sec.L.Rep. (CCH) ¶ 92,327 (W.D.Wash. Aug. 15, 1985); *Jacob-*

*son v. Merrill Lynch Pierce, Fenner & Smith, Inc.,* [current] Fed.Sec.L.Rep. (CCH) ¶ 92,276 (W.D.Pa. April 19, 1985); *but see, McMahon v. Shearson/American Express, Inc.,* 618 F.Supp. 384 (S.D.N.Y. 1985) (citing *Mineracao* ).

Because there is no evidence of a Congressional intention to the contrary and in view of the strong federal policy favoring arbitration as recently reaffirmed by the Supreme Court in *Byrd* and *Mitsubishi,* Dean Witter's motion to compel arbitration of plaintiff's RICO Act claim and to stay further proceedings on such claim is also GRANTED.