**Mr. Robert W. BECK**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; George A. Sands.**

**Civ. A. No. H–84–4475.**

United States District Court, S.D. Texas, Houston Division.

Jan. 13, 1986.

J.D. Page, Ann Marie Waters, Scott, Douglass & Luton, Houston, Tex., for plaintiff.

Kenneth E. Johns, Jr., Vinson & Elkins, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

NORMAN W. BLACK,* District Judge.

Pending before the Court is Defendants' motion to compel arbitration and to stay

* For James DeAnda, United States District Judge.

this case pending arbitration. The Court is of the opinion that said motion should be granted in part and denied in part for the reasons set forth below.

There is no dispute as to the fact that Plaintiff executed a valid arbitration agreement in this case. Thus, the only issues before the Court are whether Plaintiff's claims are arbitrable and whether Defendants waived their right to arbitrate. The Federal Arbitration Act, 9 U.S.C. § 2 (1982), provides:

> "A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy arising out of such contract or transactions ... shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

The Federal Arbitration Act also provides for judicial enforcement of arbitration agreements. 9 U.S.C. § 3 (1982). There is a strong national policy favoring the enforcement of arbitration agreements, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983).

■ Plaintiff's state law claims are clearly arbitrable under the Supreme Court's recent decision in *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 1241–44, 84 L.Ed.2d 158 (1985). It is equally clear, however, that *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), bars arbitration of Plaintiff's claims under § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l* (2) (1981). It is unclear, however, whether Plaintiff's claims under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1981), Rule 10b–5, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* (1982), are arbitrable. *See Byrd*, 105 S.Ct. at 1244–45 (White, J., concurring); *McMahon v. Shearson/Amer-*

*ican Express, Inc.*, 618 F.Supp. 384, 387–89 (S.D.N.Y.1985).

■ Prior to the Supreme Court's decision in *Byrd*, it was well established in the Fifth Circuit that claims under the § 10(b) of the 1934 Act and Rule 10b–5 were not arbitrable. *Sibley v. Tandy Corp.*, 543 F.2d 540, 543 & n. 3 (5th Cir.1976), *cert. denied*, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977). *Sibley* held that *Wilko* applied to cases brought under the 1934 Act as well as cases under the 1933 Act. The validity of *Sibley*, however, is clearly suspect in light of the Supreme Court's recent decision in *Byrd*. *See Byrd*, 105 S.Ct. at 1244–45 (White, J., dissenting).

Several district courts have been confronted with this issue in recent months, and have reached conflicting results. *See e.g. Raiford v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 83–685A (N.D. Ga. May 16, 1985); *Gregory v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 84–1647 (M.D.Fla. March 9, 1985) [Available on WESTLAW, DCTU database]; *Greenstein v. First Biscayne Corp.*, No. 82–0584 (S.D.Fla. May 16, 1985); *Mann v. Foster & Marshall*, No. C84925D (W.D.Wash. May 24, 1985); *Finn v. Davis*, 610 F.Supp. 1079 (S.D.Fla.1985); *Coonly v. Rotan Mosle, Inc.*, 630 F.Supp. 404 (W.D. Tex.1985); *McKinney v. Sutton*, No. C–85–15 (S.D.Tex. November 8, 1985) [Available on WESTLAW, DCTU database]; *McMahon v. Shearson/American Express, Inc.*, 618 F.Supp. 384 (S.D.N.Y.1985) (Holding 1934 Act claims are arbitrable). *But see Webb v. Rowland*, 613 F.Supp. 1123 (E.D. Mo.1985); *Lamb v. Legg Mason Wood Walker, Inc.*, No. 85–1316 (E.D.Pa. September 16, 1985) [Available on WESTLAW, DCTU database]; *Green v. Shearson/American Express, Inc.*, No. 85–1368 (E.D. Pa. September 10, 1985) [Available on WESTLAW, DCTU database]; *Erlbaum v. Prudential-Bache Securities, Inc.*, No. 84–5541 (E.D.Pa. August 9, 1985) [Available on WESTLAW, DCTU database]; *Scharp v. Cralin & Co.*, 617 F.Supp. 476 (S.D.Fla. 1985); *Cancanon v. Smith Barney Harris Upham & Co., Inc.*, 612 F.Supp. 996 (S.D.Fla.1985); *Roberts v. Lehman Broth-*

*ers Kuhn Loeb, Inc.*, No. 84—1421 (S.D.Fla. July 15, 1985) [Available on WESTLAW, DCTU database]; *Divco Construction & Realty Corporation, Inc. v. Merrill Lynch*, No. 83–1393 (S.D.Fla. April 26, 1985) [Available on WESTLAW, DCTU database] (Holding 1934 Act claims are not arbitrable). The Court has made inquiries to the several Courts of Appeals and found that appeals are currently pending in the following cases: *Greenstein v. First Biscayne Corp.*, 11th Cir., No. 85–5512, appeal filed June 14, 1985; *Finn v. Davis*, 11th Cir., No. 85–5513, appeal filed June 17, 1985; *McMahon v. Shearson/American Express*, 2nd Cir., Nos. 85–7844, 85–7846, appeal filed October 25, 1985; *Webb v. Rowland*, 8th Cir., No. 85–1966/2158EM, appellee's brief due December 9, 1985; *Erlbaum v. Prudential-Bache Securities, Inc.*, 3rd Cir., No. 85–1541, appeal filed August 26, 1985; *Scharp v. Cralin & Co.*, 11th Cir., No. 85–5726, appeal filed August 22, 1985; *Cancanon v. Smith Barney Harris Upham Co., Inc.*, 805 F.2d 998 (11th Cir. 1986); *Roberts v. Lehman Brothers Kuhn Loeb, Inc.*, 11th Cir., No. 84–1421, appeal filed July 1, 1985. Neither *Coonly* or *McKinney*, the two district court decisions in the Fifth Circuit on this issue, have been appealed, thus the Court has not found any case on this issue pending before the Fifth Circuit. The Court anticipates that an appellate decision will be rendered on this issue in the near future, however, because there are no pending cases before the Fifth Circuit on this issue, the Court will still be without a definite ruling on the viability of *Sibley*. Thus, there is no reason for the Court to delay any longer in confronting this issue.

The Court finds that the *McMahon* decision correctly sets forth the law on the arbitrability of 1934 Act claims in light of *Byrd*. *McMahon*, 618 F.Supp. at 387–389, app. pending, 2d Cir., Nos. 85–7844, 85–7846. The *McMahon* Court found that there were no provisions in the 1934 Act analogous to the provisions in the 1933 Act on which the *Wilko* Court relied, and thus *Wilko* was not properly applicable to the

1934 Act.[1] The *McMahon* Court further noted that as early as 1974, the Supreme Court cast doubt on the applicability of *Wilko* to the 1934 Act in *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974). Thus, based on Justice White's concurring opinion in *Byrd*, the differences between the 1933 and 1934 Acts, the reservations expressed by the Supreme Court in *Scherk v. Alberto-Culver Co.*, and the strong national policy favoring arbitration articulated in *Moses H. Cone Memorial Hospital*, the *McMahon* Court held that 1934 Act claims are arbitrable. The Court would further note that the Supreme Court has reiterated its strong views favoring arbitration in its recent decision in *Mitsubishi Motors Corporation v. Soler Chrysler-Plymouth, Inc.*, —— U.S. ——, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). The Court thus finds that Plaintiff's claims under the 1934 Act are arbitrable.

Defendants also seek to arbitrate Plaintiff's RICO claims. *See* 18 U.S.C. §§ 1961 *et seq.*. Again, the Court does not have a definitive ruling on this issue from the Fifth Circuit on which to rely. Several district courts have considered this issue, however, and the weight of authority is that RICO claims are not arbitrable. *See S.A. Mineracao da Trindade-Samitri v. Utah International*, 576 F.Supp. 566, 574–76 (S.D.N.Y.1983), *aff'd.*, 745 F.2d 190 (2d Cir.1984); *McMahon*, 618 F.Supp. at 387; *Witt v. Merrill Lynch, Pierce, Fenner & Smith*, 602 F.Supp. 867, 870 (W.D.Pa.1985); *Universal Marine Insurance Co., Ltd. v. Beacon Insurance Co.*, 588 F.Supp. 735, 738 (W.D.N.C.1984). *But see Finn*, 610 F.Supp. at 1083. The Court finds that because of the important federal policies inherent in the enforcement of RICO by the federal courts, Plaintiff's RICO claims are not arbitrable. *See S.A. Mineracao da Trindade-Samitri*, 576 F.Supp. at 574–76; *McMahon*, 618 F.Supp. at 387.

Finally, Plaintiff argues that even if Defendants had a right to arbitrate, they waived that right by participating in this lawsuit. The case law interpreting the Federal Arbitration Act makes clear that in light of the strong federal policy favoring arbitration, the burden on the party seeking to prove waiver is a heavy one, and waiver will not be lightly inferred. *Tenneco Resins, Inc. v. Davy International, A.G.*, 770 F.2d 416, 420 (5th Cir.1985). In order to prove waiver, Plaintiff must show (i) Defendants substantially invoked the litigation process, and (ii) Plaintiff has been prejudiced as a result thereof. *American Dairy Queen Corp. v. Tantillo*, 536 F.Supp. 718, 720–22 (M.D.La.1982).

Plaintiff cannot meet the heavy burden to prove waiver here. The only instruments Defendants filed in this lawsuit prior to their motion to compel arbitration were responsive pleadings to Plaintiff's complaint and motions. Moreover, prior to their motion to compel arbitration, Defendants had not engaged in discovery beyond responding to Plaintiff's discovery requests. Thus, Defendants did not substantially invoke the litigation process prior to their motion to compel arbitration. Furthermore, Plaintiff shall continue to trial on its § 12(2) and RICO claims, and thus proceedings and discovery completed to date are applicable to Plaintiff's other claims. Therefore, Plaintiff has not been prejudiced by this litigation nor have Defendants gained an unfair advantage in this litigation or the arbitration proceedings. Finally, Plaintiff argues that Defendants waived their right to arbitrate because they delayed too long in asserting their right to arbitrate. Defendants answered this lawsuit on November 14, 1984, but did not move to compel arbitration until July 23, 1985. Defendants, however, had no right to arbitration on any of Plaintiff's claims until the Supreme Court struckdown the intertwining doctrine in *Byrd* on March 4, 1985. Moreover, the district courts have

---

1. Specifically, the Court relied on Section 14 of the 1933 Act, which expressly provides that agreements to arbitrate 1933 Act claims are void, and the express statutory remedy and na- tionwide service of process provisions of the 1933 Act which also support the conclusion that 1933 Act claims are not arbitrable. *McMahon*, 618 F.Supp. at 387–88.

only ruled on the arbitability of 1934 Act claims since late spring and early summer, 1985. Thus, Defendants' motion was not untimely under the circumstances. The Court thus finds that Defendants have not waived their right to arbitrate and shall enforce the parties agreement to arbitrate as to all arbitrable claims. 9 U.S.C. § 3 (1982); *Byrd,* 105 S.Ct. at 1238.

Finally, the Court finds that although all of Plaintiff's claims derive from the same factual basis, that given the delay already incurred by Plaintiff and Plaintiff's failing health, it would offend all notions of justice to stay Plaintiff's nonarbitrable claims pending arbitration. The Court thus shall proceed on Plaintiff's nonarbitrable claims.

Therefore, the Court ORDERS that Plaintiff's state law claims and 1934 Act claims be submitted to arbitration. It is further ORDERED that Plaintiff's state law claims and 1934 Act claims be severed and be STAYED pending arbitration. It is further ORDERED that Plaintiff's 1933 Act and RICO claims shall proceed to trial. It is further ORDERED that the time for filing the *joint* pretrial order is extended to January 27, 1986. This case remains set for jury selection and trial on February 10, 1986 at 10:00 a.m.